IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

"O" COMPANY, INC., HEALTH
DELIVERY SYSTEMS, INC., WORLD
DENTAL IMPLANTS, INC., and DAVID
DALISE, D.D.S.,

       Plaintiffs,

vs.                                                           Civ. No. 04-0681  MV/DJS

LEXINGTON INSURANCE COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Objections to Magistrate's Order Denying Plaintiff's Motion to Stay Discovery, filed October 1, 2004, **[Doc. No. 33]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the objections are not well-taken and will be **OVERRULED**.

## BACKGROUND

Plaintiffs brought this action against Defendant Lexington Insurance Company ("Lexington") alleging breach of insurance contract and insurer bad faith arising out of Lexington's failure to defend or indemnify its insured under two policies of insurance issued by Lexington.  On July 20, 2004, Plaintiffs filed a motion for partial summary judgment on the issue of Lexington's duty to defend.  In response, Lexington filed a motion under Federal Rule of Civil Procedure 56(f) asserting that it needed discovery to establish its defense of fraud in the inception prior to responding to Plaintiffs' motion.  Plaintiffs subsequently sought a stay of discovery

pending the Court's ruling on their motion for partial summary judgment. The Magistrate Judge denied Plaintiffs' requested stay. *See* September 3, 2004 Order [Doc. No. 32]. Plaintiffs filed the instant Objections to the Magistrate's Order denying the stay.

## LEGAL STANDARD

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

Plaintiffs filed a motion before the Magistrate Judge seeking a stay of discovery pending the Court's ruling on Plaintiffs' motion for partial summary judgment. Plaintiffs asserted that even if there was fraud in the inception, it would not excuse Lexington's failure to defend and, therefore, there was no need to engage in expensive and burdensome discovery on the issue. Defendant opposed the stay, arguing that even if the Court granted Plaintiffs' motion for partial summary judgment on the duty to defend, the discovery Lexington sought would still be necessary for Lexington's comparative bad faith defense. The Magistrate Judge, apparently persuaded by Lexington's argument that the discovery would be necessary regardless of the Court's ruling on Plaintiffs' motion for partial summary judgment, declined to stay discovery.

Plaintiffs filed the instant objections arguing that the Magistrate's ruling is clearly erroneous because the burdensome discovery being sought by Lexington on the issue of fraud in the inception will be unnecessary if the Court grants Plaintiff's motion for partial summary

judgment or, alternatively, even if some of the requested discovery is necessary for Lexington's comparative bad faith defense, Lexington has not demonstrated that such discovery needs to begin now.  In addition, Plaintiffs, without any legal support, argue that the Magistrate's refusal to stay discovery improperly circumvented this Court's impending ruling on Defendant's Rule 56(f) motion.

It is undisputed that the requested discovery is potentially relevant to Defendant's asserted defenses.  It is also undisputed that at least some of the requested discovery will be necessary even if the Court grants Plaintiffs' pending motion for partial summary judgment.  The fact that Plaintiffs would prefer to postpone this discovery is insufficient to demonstrate that the Magistrate's denial of Plaintiffs' request to stay discovery is clearly erroneous.

Furthermore, the Magistrate's denial of Plaintiffs motion for a stay does not impinge on this Court's ruling on whether Defendant is entitled to obtain certain discovery prior to responding to Plaintiffs' motion for summary judgment.  The two rulings are wholly distinct.  The Magistrate properly ruled on Plaintiffs' motion seeking to stay discovery.  This Court will rule on Defendant's motion to defer ruling on a dispositive motion pending completion of certain discovery.  While the two rulings could have conflicted if the Magistrate had stayed discovery pending the ruling on partial summary judgment and this Court subsequently granted Defendant's motion to postpone ruling on the partial summary judgment motion until certain discovery took place, this conflict would not constitute grounds to find that the Magistrate's ruling was outside his authority or improperly circumvented this Court's authority.

The Magistrate's denial of Plaintiffs' motion for a stay of discovery is not clearly erroneous or contrary to law and will be upheld.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' Objections to Magistrate's Order Denying Plaintiff's Motion to Stay Discovery, filed October 1, 2004, **[Doc. No. 33]** are **OVERRULED**.

Dated this 4th day of November, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
    Rebecca Sitterly, Esq.
    R. Thomas Dawe, Esq.

Attorneys for Defendant:
    James H. Johansen, Esq.
    Emily A. Franke, Esq.