IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

"O" COMPANY, INC., HEALTH
DELIVERY SYSTEMS, INC., WORLD
DENTAL IMPLANTS, INC., and DAVID
DALISE, D.D.S.,

        Plaintiffs,

vs.                                                      Civ. No. 04-0681  MV/DJS

LEXINGTON INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Rule 56(f) Motion to Continue or Deny Plaintiffs' Motion for Partial Summary Judgment, filed August 23, 2004, **[Doc. No. 19]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

Plaintiffs brought this action against Defendant Lexington Insurance Company ("Lexington") alleging breach of insurance contract and insurer bad faith arising out of Lexington's failure to defend or indemnify its insured, Osteotech, Inc., d/b/a CAM Implants B.V. ("Osteotech"), in Cause No. CV-98-06655, initially filed in the Second Judicial District Court, County of Bernalillo, State of New Mexico, and subsequently removed to the United States District Court for the District of New Mexico, where it was assigned No. CIV-99-981 WJ/LFG

("Underlying Litigation").  On July 20, 2004, Plaintiffs filed a motion for partial summary judgment on the issue of Lexington's duty to defend.  In response, Lexington filed the instant motion under Federal Rule of Civil Procedure 56(f) asserting that it has not had the opportunity to discover information essential to oppose Plaintiffs' motion.  Specifically, Lexington contends that discovery is necessary to support its defense of fraud in the inception.

## DISCUSSION

Summary judgment should not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986).  Rule 56(f)[1] allows a nonmovant to seek deferral of a summary judgment ruling pending discovery.  When a party files an affidavit under Rule 56(f) for additional discovery in order to develop facts necessary to oppose a motion, the party invokes the trial court's discretion.  *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984).  The trial court may deny the affiant's request for additional time, deny the motion for summary judgment, order a continuance for additional discovery, or make "such other order as is just."  Fed.R.Civ.P. 56(f).  "'Unless dilatory or lacking in merit, the motion should be liberally treated.'"  *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992) (*quoting* James W. Moore & Jeremy C. Wicker, Moore's Federal Practice ¶ 56.24 (1988)).

As an initial matter, the Court notes that the parties agree that either New Jersey or

---

[1] Rule 56(f) provides that:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

2

New Mexico law applies to the insurance policies at issue but do not provide any of the facts necessary for the Court to determine which state's law to apply.  Fortunately, New Mexico law and New Jersey law do not appear to differ materially on the issue before the Court.

Lexington asserts that it needs discovery to prove that Osteotech misrepresented certain material facts on its application for the policies at issue in this case.  According to Lexington, these alleged misrepresentations rendered the policies void *ab initio* and, therefore, Lexington had no duty to defend Osteotech in the Underlying Litigation.

An insurer generally has the right to rescind an insurance policy where there has been a misrepresentation of a material fact, the misrepresentation was made to be relied on, and has in fact, been relied on.  *See, e.g., Prudential Ins. Co. of America v. Anaya*, 78 N.M. 101, 104, 428 P.2d 640 (1967); *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 504 (10th Cir. 1994) ("Under New Mexico law, an insurer generally has the right to rescind an insurance policy obtained as the result of an insured's material misrepresentation in applying for insurance.").  In such a case, the policy is void *ab initio*.  *See, e.g., Republic Ins. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 52 (2nd Cir. 1996) (policy obtained by means of material misrepresentations, is void from the start); *Prudential*, 78 N.M. at 106 (when insurance policy is rescinded, the parties are restored to status quo ante).

While neither New Mexico nor New Jersey has directly addressed the issue, most courts have found that a liability insurer who claims that its policy is void *ab initio* because the insured misrepresented material facts on the policy application is still obligated under that policy to defend claims against the insured until the insurer's rescission claim is adjudicated.  *See Gon v. First St. Ins. Co.*, 871 F.2d 863, 864-65 (9th Cir.1989) (affirming district court's order that insurer pay

3

insured's defense costs after the district court held insurer's rescission action "in abeyance"); *Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 654 F.Supp. 1334, 1345-46 (D.D.C. 1986), *rev'd in part on other grounds*, 944 F.2d 940 (D.C. Cir. 1991) (finding that insured's primary carrier had duty to defend it until the insurer proved that the policy was "negated by fraud"); *Federal Ins. Co. v. Tyco Int'l Ltd.*, Index No. 600507/03, 2004 WL 583829, at *6, (N.Y. S.Ct., March 5, 2004) ("until [the insurer's] rescission claims are litigated in its favor and the Policies are declared void *ab initio*, they remain in effect and bind the parties."); *Natl. Union Fire Ins. Co. of Pitt. v. Brown*, 787 F.Supp. 1424, 1427 n. 8 (S.D. Fla. 1991) (court could not declare directors and officers policy void *ab initio* until the insurer's rescission action was fully litigated; until then, policy remained in effect); *Hoechst Celanese Corp. v. Natl. Union Fire Ins. Co. of Pitt.*, 1994 WL 721618 at *4 (Del. Super. Ct. 1994) (insurer obligated to defend despite its unproven claim that insured procured the policies by fraud).

If fraud in the inducement is subsequently demonstrated through a timely rescission action, however, an insurer may be entitled to reimbursement of amounts paid for its insured's defense. *See Tyco* at *6 (if policies are declared to be void *ab initio*, the insurer may be able to recover its costs for the defense it has provided to the insured); *Aetna Cas. and Sur. Co. v. Retail Local* 906, 921 F.Supp. 122, 133 (E.D.N.Y. 1996) (rescinding insurer entitled to the return of all legal fees and other moneys expended by the insurer in the course of providing coverage under the rescinded policy); *John Hancock Mut. Life Ins. Co.*, 27 F.3d 500 (affirming award to insurer of all amounts paid under rescinded policy).

An action for rescission must be filed promptly after an insurer becomes aware that material misrepresentations may have been made. *See, e.g., Masters, Mates & Pilots Pension*

4

*Plan*, 77 F.3d at 52 (New York law generally requires that the insurer's right to rescind be promptly exercised); *Whitney v. Continental Ins. Co.*, 595 F.Supp. 939, 944 (D. Mass. 1984) (failure to disclaim insurance coverage within a reasonable time after discovering information necessary to rescind waives the right to do so); *see also Putney v. Schmidt*, 16 N.M. 400, 120 P. 720, 723 (1911) ("where a party receives something of value under a contract, if he seeks to rescind the same upon the ground of fraud, he must immediately, upon discovering the fraud, restore, or offer to restore, all that he has received under the contract, as a condition precedent to his right to rescind the same.  If he fails to do this, or if, after discovering the fraud, he takes any steps in affirmance of the contract, he will be held to have elected to affirm the same and will not thereafter be granted relief in equity from the burdens of the contract."). Lexington was aware of Osteotech's potential misrepresentations as early as 1998. *See* October 16, 1998 letter from Michael J. Jeffries to Richard D. Moylan.  Lexington, however, has never filed an action seeking to rescind the policies.

Under these circumstances, fraud in the inducement is not a defense to Plaintiffs' failure to defend claim and discovery related to this defense is unnecessary to respond to Plaintiffs' partial summary judgment motion on the duty to defend.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Rule 56(f) Motion to Continue or Deny Plaintiffs' Motion for Partial Summary Judgment, filed August 23, 2004, **[Doc. No. 19]** is

hereby **DENIED**. Defendant is ordered to file a response to Plaintiff's Motion for Partial Summary Judgment within 10 days of the date of this Order.

Dated this 4th day of November, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
    Rebecca Sitterly, Esq.
    R. Thomas Dawe, Esq.

Attorneys for Defendant:
    James H. Johansen, Esq.
    Emily A. Franke, Esq.